IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLARENCE S. JUPITER,

                        Plaintiff,

                                                        CIVIL ACTION
      vs.                                               No. 04-3149-SAC

OFFICER MCKEE, et al.,

                        Defendants.


ORDER

Plaintiff proceeds pro se and in forma pauperis on a Bivens[1] complaint seeking damages related to the confiscation of his personal property and legal materials during an institutional shakedown of cells at the United States Penitentiary in Leavenworth, Kansas (USPLVN) in July 2003.

Plaintiff claims defendants impermissibly denied him his constitutional right of access to courts. See Bounds v. Smith, 430 U.S. 817, 828 (1977)(prisoners have constitutional right to adequate, effective and meaningful access to courts to challenge violations of constitutional rights). To have standing to assert such a claim, plaintiff must demonstrate an actual injury to pending or contemplated litigation attacking his sentence or challenging the conditions of his confinement. See Lewis v. Casey, 518 U.S. 343 (1996)(prisoner must show some "relevant actual injury" to state a constitutional claim for denial of access to the courts). See also Penrod v. Zavaras, 94 F.3d 1339, 1403 (10th Cir. 1996)(standing

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

requirement of "actual injury" requires prisoner to show that denial of legal materials hindered prisoner's efforts to pursue nonfrivolous claim); Peterson v. Shanks, 149 F.3d 1140 (10th Cir. 1998)(viable claim of denied access requires that inmate allege and prove prejudice arising from defendants' actions). Finding nothing to indicate that any actual prejudice resulted from the loss of plaintiff's legal materials, the court directed plaintiff to show cause why the complaint should not be dismissed as stating no constitutional claim of being denied access to the courts.[2]

In response, plaintiff claims the loss of his legal materials prevented him from filing a habeas petition under 28 U.S.C. § 2241 to challenge the validity of his conviction and sentence after the Supreme Court handed down its decision in United States v. Booker[3]

---

[2] Plaintiff's complaint also references a claim he filed under the Federal Tort Claims Act (FTCA), presumably seeking damages for defendants' alleged negligence in failing to properly inventory and log his property. Plaintiff states this claim was denied November 18, 2003. The record contains no documentation or additional information regarding this administrative claim, and plaintiff did not cite the FTCA as a jurisdictional ground in his complaint, or name the United States of America as the defendant on such a claim. Accordingly, the court noted in its show cause order that plaintiff's Bivens action did not appear to be seeking relief under FTCA as well. See Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996)(liberal construction of pro se pleadings "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

In response, plaintiff does not dispute the court's characterization of this action as seeking relief only pursuant to Bivens. He again cites his FTCA administrative claim and seeks leave to amend that administrative claim or grievance to increase the damages being sought. The court denies this request without prejudice.

[3] See United States v. Booker, 543 U.S. 220 (2005)(a court is barred from enhancing a sentence on the basis of facts not admitted or submitted to a jury for proof beyond a reasonable doubt). Plaintiff also cites Blakely v. Washington, 542 U.S. 296 (2004), involving a similar holding applicable to state rather than federal prisoners.

The court finds this alleged impairment is insufficient to establish the prejudice required to state a cognizable constitutional claim of being denied access to the courts.

Plaintiff was convicted on drug charges in 1993 in the United States District Court for the Western District of Virginia. Because his proposed litigation would challenge the constitutionality of his federal conviction or sentence, such relief must be pursued in a motion to the sentencing court pursuant to 28 U.S.C. § 2255. United States v. Condit, 621 F.2d 1096, 1098 (10th Cir. 1980). To establish subject matter jurisdiction to seek relief on such claims under 28 U.S.C. § 2241 in the district of his confinement, plaintiff would be required to show that the remedy afforded under § 2255 is inadequate or ineffective. *See* Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied*, 377 U.S. 980 (1964). It is well established, however, that neither the failure to obtain relief under § 2255, nor the statutory restraints on a prisoner's ability to pursue relief in an untimely or second motion under § 2255, renders that section inadequate or ineffective for the purpose of establishing subject matter jurisdiction under § 2241. *See* Williams, 323 F.2d at 673; Caravalho v. Pugh, 177 F.3d 1177, 1179 (10th Cir. 1999). Although prejudicial injury can occur when prisoners are prevented from collaterally attacking their sentences, Lewis, 518 U.S. at 356, a viable non-frivolous claim is nonetheless required to state a cognizable claim of being denied access to the courts.

Here, plaintiff cites only that he was impaired from filing an action under § 2241 that would be subject to summary dismissal in the District of Kansas as lacking subject matter jurisdiction.

Plaintiff clearly demonstrates his ability to draft pro se pleadings, and identifies no impairment to his ability to seek relief under § 2255 in the Western District of Virginia to any extent such relief might be available.[4]  The court thus finds plaintiff demonstrates no actual prejudice resulted from defendants' handling of his property.  The court finds plaintiff's allegations of being denied access to the courts state no claim of constitutional deprivation, and concludes this <u>Bivens</u> complaint should be dismissed as stating no claim for relief.  *See* 28 U.S.C. 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

   IT IS THEREFORE ORDERED that the complaint is dismissed as stating no claim for relief.

   **IT IS SO ORDERED.**

   DATED:  This 29th day of June 2006 at Topeka, Kansas.


                               s/ Sam A. Crow
                               SAM A. CROW
                               U.S. Senior District Judge

---

[4]*See* 28 U.S.C. § 2255 (second or successive § 2255 motion must be certified as provided in 28 U.S.C. § 2244(b)(3) by a panel of the appropriate court of appeals).